## THE SAMUEL S. THORPE.[1]

(District Court, E. D. Pennsylvania. January 5, 1900.)

### No. 26.

1. INJURY TO SEAMAN—NEGLIGENCE—HANDLING OF ROPES.

Where a seaman, in performing a duty, assumes a dangerous position through his own negligence, directly leading to his injury, he cannot recover.

2. SAME—VOLUNTEER.

Whether the voluntary undertaking of a duty delegated to another will bar a recovery for injury received in performing it, quære.

In Admiralty. The libelant, an able seaman, undertook to pay off a rope which another seaman had been ordered to cast off, and in doing so unnecessarily exposed himself, and was severely injured. No negligence on the part of the ship's officers was shown. Libel dismissed.

Jos. Hill Brinton, for libelant.

Curtis Tilton, for respondent.

McPHERSON, District Judge. The libelant is an able seaman, and in January, 1898, was employed on the schooner Samuel S. Thorpe. On the 13th day of that month the ship was starting upon a voyage from Philadelphia to an Eastern port, and was being moved from her dock into the stream of the Delaware river. She was in tow of a tug, upon a short hawser of the length usually employed in drawing vessels from shore into the channel, and had reached a point in the stream where it was desirable to lengthen the hawser, in order that towing down the river might be easier. When such change of length is to be made, it is usual for the tug to slow down to half speed, and signal to the tow to let out the hawser, and it is the duty of the tow to obey this order promptly. In the present case the speed was thus diminished, the signal was given, and the mate of the schooner—who was directing the letting out of the hawser, the captain being aft near the wheel—ordered the hawser to be cast off the port bitt, round which it was fastened by three or four turns. The customary and proper practice is to cast the hawser off the bitt entirely, and let it run out freely, until the necessary length has been attained. The seaman to whom the mate's order was addressed did not obey at once,—perhaps because, being a foreigner, he did not quickly apprehend the English order,—and the libelant undertook to do the work. Unfortunately, he was not in a safe place. He was standing on the main deck, which was about four feet below the forecastle deck, and the bitt was in front of him, its top being about as high as his head. The hawser was lying in coils on the main deck to his right, within a foot or two of his feet. Immediately beside the bitt, on the port side, three or four steps led to the forecastle deck; and, if he had mounted these steps, he would have been in a place of safety, and could have performed the work with little likeli-

[1] Reported by Arthur G. Dickson, Esq., of the Philadelphia bar.

hood of injury.  He chose to stay on the main deck, however, and in that situation attempted either to cast off the turns, or to pay the hawser out hand over hand.  In some manner not clearly explained, he became entangled in a bight of the rope, was drawn up against the bitt, and suffered a severe injury to his leg, which compelled amputation below the knee.

The negligence complained of is in ordering the hawser to be paid out with only two turns around the bitt,—two being insufficient to control the hawser,—and while the tug was moving at full speed.  These averments have not been proved.  The tug was moving at half speed only, as was usual and proper, and the libelant was not ordered to pay out the hawser at all.  On the contrary, the order was to cast off, and not to pay out, and it was given to another seaman, and not to libelant.  He voluntarily undertook to execute it, but if he was attempting to cast off he should have gone upon the forecastle deck, and if he was attempting to pay out he was acting upon his own responsibility.  He was hurt either by accident or by his own carelessness, probably by kicking at the hawser to straighten it out, and thus becoming entangled in a bight.  I lay no weight on the voluntary character of the libelant's act, but I see no negligence of the ship, even if the mate was a vice principal.

The libel is dismissed, but without costs.